Certiorari. Jeremiah G. Brinton had obtained before a justice of the peace a judgment, by confession, on a judgment-note for sixteen dollars, against John D. Cloverdale, on the 17th day of September, 1872, on which a fi. fa. execution, with a clause of attachment, was issued on the 30th day of January, 1873, returnable on the 5th of May following, and returned on that day nulla bona, and on which analias fi. fa. execution, with a clause of attachment, was afterwards issued on the 9th day of July, 1879, returnable on the 26th day of September following, and returned that day, and which in the meantime had been laid in the hands of George Carey, as garnishee, who appeared and answered on the 2d day of August, 1879, that he owed the defendant, John D. Coverdale, seventeen dollars and ten cents, and for which judgment was thereupon rendered against him as garnishee in favor of the plaintiff, Jeremiah G. Brinton, and upon which fi. fa.
execution, with clause of attachment was issued against the said garnishee; whereupon, the writ of certiorari in this case was sued out by him.
The exceptions were, that the alias fi. fa. execution in the case was improperly issued, as more than three years had elapsed *Page 341 
between the date of it and the issuing and return of the former fi. fa.
execution in the case; that the justice of the peace had no authority to issue the said alias fi. fa. execution more than three years after the issuing and return of the former fi. fa. execution issued in the case, without a scire facias to revive the judgment on which they were issued; and for the same reason, that the said George Carey was illegally required to answer as garnishee on the said alias fi. fa. execution attachment, and that the judgment thereupon rendered against him was, therefore, illegal and void.
Walcott, for the plaintiff in error, cited Rev. Code, chap. 99, § 31, p. 614, which provides that no execution shall be issued on a judgment by a justice of the peace after the defendant's death, nor, except in the regular continuance of such process, after the lapse of three years from the time execution might first have issued; until the judgment may be revived by scire facias; and it had been ruled in this court that an alias fi. fa. cannot issue on such a judgment three years or more after the rendition of it, notwithstanding a fi. fa. has been issued on it within the three years after the rendition of it, unless it is issued on the same day on which the preceding fi. fa. was returned. Cowgill v. Mason, 4 Houst., 320.
Fulton for the defendant in error. The plaintiff in error was no party to the judgment, nor to the alias fi. fa. at the time when it was irregularly issued upon it without a scire facias
to revive it, and having appeared and answered to the attachment and suffered judgment to be entered thereon against him as garnishee, and voluntarily admitted that he was then indebted in that amount to the defendant in the alias fi. fa., he could not now be allowed to object to the irregularity of it, or to reverse the judgment so entered upon it against him on a certiorari.
 The Court was of this opinion, and affirmed the judgment. *Page 342